UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

IN THE MATTER OF THE )
COMPLAINT OF: ) No. 10 C 5438
 )
SPIRIT CRUISES, LLC ) Judge John W. Darrah
 )
 ) In Admiralty

## MEMORANDUM OPINION AND ORDER

Frank Holmes ("Holmes"), Administrator of the Estate of Margie Holmes, brought a wrongful death action against Spirit Cruises, LLC ("Spirit") in the Circuit Court of Cook County, Illinois. Holmes alleged that on August 14, 2009, as a result of Spirit's negligence, Margie Holmes sustained injuries while aboard Spirit's passenger cruise vessel, *The Spirit of Chicago* ("the Vessel"), and that those injuries led to her death eight days later. On August 27, 2010, pursuant to the Limitation of Ship Owner Liability Act, 46 U.S.C. § 30501 *et seq.* ("Limitation Act"), Spirit filed a "Complaint for Exoneration from or Limitation of Liability" in this Court. Pursuant to the Limitation Act, Spirit's Complaint sought to limit its liability to the value of the Vessel and to enjoin Holmes' state-court action. On September 2, 2010, the Court enjoined the state-court suit. Pending before the Court is Holmes' Motion to Dismiss Spirit's Complaint for Exoneration for failure to state a claim upon which relief can be granted.

## LEGAL STANDARD

In ruling on a motion to dismiss, the court must accept as true all well-pleaded factual allegations and draw reasonable inferences in favor of the plaintiff. *Sprint Spectrum L.P. v. City of Carmel, Ind.*, 361 F.3d 998, 1001 (7th Cir. 2004). Federal Rule of Civil Procedure

8(a)(2) requires that the complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." To meet Rule 8(a)(2)'s requirements, the complaint must describe the claim in sufficient detail to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1964 (2007) (*Bell Atlantic*) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiff's allegations "must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'; if they do not, the plaintiff pleads itself out of court." *E.E.O.C. v. Concentra Health Serv., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (citing *Bell Atlantic*, 550 U.S. 544, 127 S. Ct. at 1965, 1973 n. 14).

## ANALYSIS

The Limitation Act provides that a ship owner's liability for acts done "without the privity or knowledge of owner" shall be limited to the "value of the vessel and pending freight." 46 U.S.C. §§ 30505(a), (b). The Limitation Act "'alters the normal rules of vicarious liability' by limiting the ship owner's liability for any injuries caused by the negligence of the captain or crew to the value of the ship unless the owner himself had 'privity or knowledge' of the negligent acts." *Matheny v. Tennessee Valley Authority*, 557 F.3d 311, 315 (6th Cir. 2009) (quoting *In re City of New York*, 522 F.3d 279, 283 (2d Cir. 2008)).[1]

In support of his Motion to Dismiss, Holmes argues that Spirit, as both owner and operator of the Vessel, could not possibly have lacked "privity and knowledge" regarding the

---

[1] "It has been said that 'privity' means some fault or neglect in which the owner personally participates, and 'knowledge' means personal cognizance or means of knowledge, of which the owner is bound to avail himself, of a contemplated loss or condition likely to cause or contribute to a loss, unless proper means are adopted to prevent it." 3 *Benedict on Admiralty* § 41, at 5-4 (7th ed. 1990) *quoted by Joyce v. Joyce*, 975 F.2d 379, 384 n. 5 (7th Cir. 1992).

2

events or conditions aboard the Vessel that led to Margie Holmes' injuries. Spirit responds that the question of Spirit's privity and knowledge is not yet properly at issue. According to Spirit, the proper two-step procedure under the Limitation Act is first to decide whether negligence aboard the Vessel proximately caused the injury and, second, only after the negligence issue is resolved, to determine whether the ship owner had privity or knowledge of that negligence. Spirit argues that a determination as to its privity and knowledge is not the proper subject of a motion to dismiss but, rather, must await a determination on the merits.

While Spirit is correct that the usual procedure is to address negligence before determining the privity and knowledge of the ship owner, *see Illinois Constructors Corp. v. Logan Transp., Inc.*, 715 F. Supp. 872, 879 (N.D. Ill. 1989), where it is apparent on the face of the complaint that the owner has privity or knowledge, the court may dismiss the case without a determination as to negligence. *See Joyce v. Joyce*, 975 F.2d 379, 383-84 (7th Cir. 1992) (*Joyce*) (affirming dismissal without a determination of negligence); *In re Lee*, 2009 WL 3387955 (N.D. Ill. 2009) (dismissing where owner was captain and sole crew member on board and, therefore, had privity and knowledge of all acts aboard); *In re Martin*, 18 F. Supp. 2d 126, 128 (D. Mass. 1998) ("where no limitation of liability appears possible from the pleadings and preliminary discovery . . . the wiser approach is . . . to consider the validity of [the] limitations claim prior to addressing the negligence issue."); *Staub v. Henshaw*, 2006 WL 1650687, at *3 (W.D.N.Y. 2006) (dismissing where it was "beyond doubt that plaintiff [could] prove no set of facts in support of his claim which would entitle him to the relief offered by the [Limitation Act]"). Thus, Spirit's procedural view is incorrect. If Holmes can show that Spirit's Complaint demonstrates that Spirit had privity and knowledge of the negligence that allegedly led to

3

Margie Holmes' death, Spirit is not entitled to the protection of the Limitation Act, and the Complaint must be dismissed.

Arguing that Spirit necessarily had privity and knowledge of any negligence, Holmes cites the Seventh Circuit's opinion in *Joyce v. Joyce*, 975 F.2d 379. In *Joyce*, a passenger of a twenty-two-foot pleasure boat, who had been injured by the reckless driving of the boat's operator, sued the boat's owner for negligent entrustment. *Id.* at 380-81. Affirming the district court's dismissal of the owner's complaint to limit his liability, the Seventh Circuit found that there was no possible scenario under which the owner could benefit for the Limitation Act. *Id.* at 385. If the boat's owner had not been negligent in selecting the boat's operator, he would not be liable in the underlying suit. But if the owner had been negligent in that selection, he would have had "either knowledge or constructive knowledge sufficient to place him beyond the protection of the [Limitation Act]" since it was the act of the owner himself that was alleged to have been negligent. *Id.* In other words, the boat's owner either did not need, or was not entitled to, the protection of the Limitation Act. Holmes argues that a similar dichotomy exists here: if there was any negligence, it was on the part of Spirit; therefore, no limitation of liability is possible because Spirit would have had privity and knowledge.

While Holmes' reliance on *Joyce* is persuasive at first glance, the Seventh Circuit's subsequent opinion in *Great Lakes Dredge & Dock Co. v. City of Chicago*, 3 F.3d 225 (7th Cir. 1993) (*Great Lakes*), is controlling. The plaintiff in *Great Lakes* was a dredging company that had been hired by the City of Chicago to replace the pile clusters used to protect certain bridges on the Chicago River. *Id.* at 226. The company's work breached the roof of a railway tunnel under the river, causing massive flooding throughout the network of connected tunnels and

buildings. *Id.* The company brought suit under the Limitation Act, seeking to limit its liability. The district court, relying on *Joyce*, dismissed the action, finding that the company necessarily had privity and knowledge. *Id.* at 330-232.

The Seventh Circuit reversed. The court held that where the ship owner is a corporation, the issue of privity and knowledge turns on what type of employee was responsible for the negligence: The "privity or knowledge of purely ministerial employees is not attributable to the corporation." *Id.* at 231. However, "[i]f a managerial employee is possessed of 'privity or knowledge,' i.e., if he or she personally participates in the activity that caused the alleged loss, the corporation is precluded from the benefit of the Limitation Act." *Id.* Furthermore, the court observed, a corporate ship owner "is vicariously liable for the negligence of all of its employees" but "will be charged, for purposes of the Limitation Act, with the privity and knowledge only of certain managerial employees." *Id.* at 232. Thus, unlike in *Joyce*, a finding that Spirit is liable under state law does not necessarily mean that Spirit had privity or knowledge for purposes of the Limitation Act.

In *Great Lakes*, the court found that it was not yet known which employee's negligence had caused the flooding. *Id.* at 231. Therefore, the court held, dismissal was improper because the company might be able to show that it was entitled to protection under the Limitation Act. *Id.* The case before the Court is analogous. Holmes' state-court complaint alleged that Spirit's negligence proximately caused Margie Holmes to fall. However, it cannot yet be determined whose negligence – that of a managerial employee or that of a ministerial employee, if either – caused the fall. A determination as to whether Spirit is entitled to limit its liability under the

5

Limitation Act must await resolution of that question. Therefore, Holmes' Motion to Dismiss the Complaint must be denied.[2]

## CONCLUSION

For the foregoing reasons, Holmes' Motion to Dismiss is denied.

Dated: February 3, 2011

JOHN W. DARRAH
United States District Court Judge

---

[2]Holmes, in his memorandum in support of his Motion to Dismiss, alleges that Margie Holmes' injuries were caused by her "tripping over the threshold of the second deck women's bathroom." Holmes' Mem. 1. It might be argued that, as a physical feature of the ship, the threshold of the women's bathroom is something of which Spirit could be presumed to have knowledge. See Villers Seafood Co., Inc. v. Vest, 813 F.2d 339, 343 (11th Cir. 1987) (ship owner is charged with knowledge of conditions on ship at the start of the voyage). However, as Spirit correctly points out, this allegation is not properly considered in ruling on a motion to dismiss since it was not made in Holmes' state-court complaint. Holmes' complaint alleges several theories of negligence, some of which might implicate Spirit's ministerial employees rather than its management. Thus, based on the allegations in Holmes' complaint, it cannot be said with certainty that Spirit is not entitled to the protection of the Limitation Act.