UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT OF: ) ) ) SPIRIT CRUISES, LLC, ) ) Plaintiff, ) ) ) ) ) ) ) ) ) | Case No. 10-cv-5438 Judge John W. Darrah |

## MEMORANDUM OPINION AND ORDER

On March 7, 2010, Frank Holmes ("Holmes"), the Administrator of the Estate of Margie Holmes,[1] brought a wrongful death action against Spirit Cruises, LLC ("Spirit") In the Circuit Court of Cook County, Illinois. Holmes alleged that on August 14, 2009, as a result of Spirit's negligence,[2] Margie Holmes sustained injuries while aboard Spirit's passenger-cruise vessel, *The Spirit of Chicago* ("Vessel"), and those injuries led to her death eight days later. On August 27, 2010, Spirit, pursuant to the Limitation of Shipowners' Liability Act ("Limitation Act"), 46 U.S.C. § 30501, *et seq.*, filed a "Complaint for Exoneration From or Limitation of Liability" in this Court. The Limitation Act provides that a shipowner's liability after a maritime accident, if incurred

---

[1] Although the Estate of Margie Holmes filed the Complaint and moved for dissolution of the stay, for simplicity's sake, the Estate is referred to by reference to its Administrator, Frank Holmes.

[2] Holmes alleges that Margie Holmes' injuries were caused by her tripping over the threshold of the second deck women's bathroom." (Dkt. No. 24 at 1.)

"without privity or knowledge of such owner," "shall not exceed the value of the vessel and pending freight." *Id.* §§ 30505(a),(b). To realize the benefits of the Limitation Act, the shipowner must file with the district court security equal to the value of its interest in the ship. *Id.* § 30511(b). Spirit stipulated the value of the boat at $1,932,000, which the Court approved, and has filed the requisite security. (Dkt. No. 4.) Pursuant to 46 U.S.C. § 185 and Fed. R. Civ. P. Supp. R. F(3), the Court stayed any related state-court proceedings pending resolution of the exoneration/limitation of liability issue and ordered all potential claimants to file claims in the limitation proceeding ("Stay Order"). (Dkt. No. 12.)

On October 11, 2010, Holmes filed a Motion to Dismiss Spirit's Complaint, which the Court denied on February 3, 2011. The Court's Stay Order continues to be in effect. Now pending before the Court is Holmes' Motion to Dissolve the Court's Stay Order.[3] In support of his request, Holmes has made the following stipulations:[4]

---

[3] In its response brief, Spirit argues that Holmes does not have standing to bring the instant motion because Holmes had not filed a claim and answer to Spirit's Complaint. (Spirit's Reply at 3.) Holmes filed an Answer, which includes its claim, on April 4, 2011, concurrently with his reply brief. (Dkt. No. 36.) On April 13, 2011, Spirit filed a Motion to Strike and Bar Untimely Claim, in which it argues that the claim was not timely filed and should be stricken and barred. (Dkt. No. 38.) Spirit does not argue that it will suffer any prejudice if its Motion is denied, but the prejudice to Holmes if the Motion is granted is obvious. The Court previously vacated the time for filing a claim and set a future date to set the time to file the required pleadings. No time limit has yet been set. Moreover, to the extent Holmes' Answer/claim could be considered as untimely, the Court grants leave to Holmes to file his claim; and his claim will be considered. *See Matter of Garvey Marine, Inc.*, 909 F. Supp. 560, 565 (N.D. Ill. 1995) (*Garvey*) ("[S]o long as the limitation proceeding is pending and undetermined, and the rights of the parties are not adversely affected, the court will freely grant permission to file late claims . . . upon a showing of the reasons therefore.") (citing *Texas Gulf Sulphur Co. v. Blue Stack Towing Co.*, 313 F.2d 359, 362 (5th Cir.1963)). Spirit's standing arguments are, therefore, moot.

2

1. [Holmes] does concede and agree that The United States District Court for the Northern District of Illinois, Eastern Division has exclusive jurisdiction over all limitation of liability issues pursuant to 46 U.S.C. § 30501, *et seq.*, which arose out of an accident occurring on or about August 14, 2009, on the vessel M/V Spirit of Chicago involving Margie Holmes;

2. [Holmes] does concede and agree that Spirit Cruises LLC is entitled to and has the right to litigate all issues relating to limitation of liability pursuant to 46 U.S.C. § 30501 *et seq.*;

3. [Holmes] does concede and agree to waive any claim of *res judicata* respecting any limitation of liability in this case that might arise in the event of entry of judgment in any state court or other proceeding based upon the facts of the above mentioned incident;

4. [Holmes] does concede and agree that if a judgment is obtained in state court or other proceeding on behalf of the Movant (state court plaintiff) against Spirit Cruises, LLC or any other liable parties who may cross-claim or claim against Spirit Cruises, LLC, and should this United States District Court for the Northern District of Illinois, Eastern Division determine that limitation of liability is appropriate, Movant will in no event seek any amount beyond the value of the limitation fund as determined by the United States District Court for the Northern District of Illinois, Eastern Division.

(Holmes' Reply, Ex. D, First Amended Stipulation ("Stipulation").)

## LEGAL STANDARD

Pursuant to 28 U.S.C. § 1333(1), federal district courts have "original jurisdiction, exclusive of the courts of the States, of . . . any case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled." The Limitation Act provides that a shipowner's liability for acts done "without the privity or knowledge of owner" shall be limited to the "value of the vessel and pending freight." 46 U.S.C. §§ 3505(a), (b). "The Limitation Act requires that all claims and proceedings

---

[4] Holmes included the text of a Stipulation in his opening brief. (Dkt. No. 33.) In his reply brief, Holmes attached a First Amended Stipulation — this is the version to which Court will refer. (Dkt. No. 37, Exhibit D.)

3

'cease' while the federal courts determine whether the shipowner has a right to limited liability." *American River Transp. Co. v. Ryan*, 579 F.3d 820, 822 (7th Cir. 2009) (*American River*) (citing 46 U.S.C. § 30511(c)). But this provision "must be interpreted in conjunction with the 'savings to suitors' clause in 28 U.S.C. § 1333(1), which reserves to suitors in admiralty or maritime cases their common-law remedies." *American River*, 579 F.3d at 825. Such common-law remedies include the right to pursue a claim in state court and the right to a jury trial. *In re Illinois Marine Towing, Inc.*, 498 F.3d 645, 650 (7th Cir. 2007) (*Illinois Marine Towing*). Thus, there is an inherent tension between the "savings to suitors" clause and § 30511(c) because claimants have no right to a jury trial in admiralty actions in federal court. *In re McCarthy Brothers Co.*, 83 F.3d 821, 826-27 (7th Cir. 1996) (*In re McCarthy*).

The Supreme Court "determined that in light of this potential conflict, district courts should have discretion to retain a limitation action or allow a case to proceed in state court." *Illinois Marine Towing*, 579 F.3d at 650. There are two situations in which a district court should dissolve a Limitation Act injunction and allow the state-court action to proceed: (1) the "single claimant" exception; and (2) the "adequate fund" exception. *See Lake Tankers Corp. v. Henn*, 354 U.S. 147, 154 (1957); *Langnes v. Green*, 282 U.S. 531, 541 (1931) (*Langnes*); *see also Illinois Marine Towing*, 498 F.3d at 650. The "single claimant" exception exists when there is only a single claimant asserting its claim(s) against the shipowner. In that case, the Supreme Court has held that there is no need for the "peculiar and exclusive jurisdiction of an admiralty court," and the district court should allow the action to proceed in state court, while

4

retaining exclusive jurisdiction over the question of liability limitation. The "adequate fund" exception is not at issue in this case.

Seventh Circuit law permits district courts to dissolve injunctions in multiple claimant cases where the value of the combined claims exceed the value of the vessel, provided the claimants "form adequate stipulations that ensure that all limitation issues will be decided in federal court." *Illinois Marine Towing*, 498 F.3d at 652. Stated another way, "proper stipulations can transform multiple claims into a single claim for purposes of determining liability in state court." *Id.* Under those circumstances, "a vessel owner's rights are preserved and a concursus[5] is unnecessary." *Id.* at 652. The Supreme Court and the Seventh Circuit have upheld dissolutions of injunctions where claimants' stipulations adequately protected vessel owners' rights. *See, e.g., Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 455 (U.S.) (*Lewis*); *Illinois Marine Towing*, 498 F.3d at 652, 654; *In re McCarthy*, 83 F.3d at 832.

**ANALYSIS**

In his pending motion, Holmes argues that the Court should dissolve its Stay Order because this action is subject to the single-claimant exception to the Limitation Act. Spirit contends that Holmes' Motion must be denied because there is "a potential set of circumstances in which [Spirit] could be held liable in excess of the limitation fund" due to indemnification or contribution demands by potential third-parties. (Spirit's Reply at 3.) Spirit further argues that Holmes' stipulations are inadequate to protect its rights under the Limitation Act. (*Id.* at 7.)

---

[5] The requirement that a federal court determine both the question of liability and whether limitation is appropriate is referred to as a concursus.

5

In *Lewis*, the Supreme Court discussed a hypothetical situation involving the uncertainty that Spirit alludes to: "If the district court concludes that the vessel owner's right to limitation will not be adequately protected — where, for example, a group of claimants cannot agree on appropriate stipulations or there is uncertainty concerning the adequacy of the fund or the number of claims — the court may proceed to adjudicate the merits, deciding issues of liability and limitation." 531 U.S. at 454. A situation involving uncertainty regarding "the number of claims" could arise in this action. In the state-court action, Holmes could add one or more third parties — for example, the party that designed, manufactured, constructed and/or installed the threshold that Holmes alleges was defective. Such a potential third party could file a cross-claim against Spirit, seeking indemnification or contribution. If Spirit is found liable in the state-court action, Spirit could be liable to Holmes and the third party and its liability could exceed the limitation fund. This is not a situation in which "nothing appears to suggest the possibility of another claim." *Helena Marine Inc. v. Sioux & New Orleans Barge Lines, Inc.*, 564 F.2d 15, 18-19 (8th Cir. 1977).

Holmes argues that the mere possibility of claims is not enough to preclude prosecution of the state-court action. Holmes further notes that "the nature of the accident belies the possibility of multiple claimants" and "no other claims were filed in the district court" after it notified potential claimants to do so pursuant to Fed. R. Civ. P. Supp. R. F(4). Holmes cites *In re McCarthy* in support; but that case is distinguishable. The claimant in *In re McCarthy*, Gary Campbell, was employed as an ironworker on a vessel chartered by McCarthy Brothers. *Id.* at 825. Campbell sustained injuries while

6

working on the vessel and subsequently filed a worker's compensation claim with the Illinois Industrial Commission, which McCarthy Brother's compensation carrier, Commercial Union Insurance Company, began paying. *Id.* Subsequently, Campbell filed a complaint against McCarthy Brothers in Illinois state court, alleging negligence. *Id.* McCarthy Brothers then filed a complaint in district court pursuant to the Limitation Act and obtained an injunction of the state-court action. *Id.* Meanwhile, Commercial Union filed a damages claim against Campbell in the limitation action, claiming the right of recovery from Campbell of the monies it had already paid for Campbell's compensation claim. *Id.* During the subsequent course of litigation, the district court denied Campbell's motion to dissolve the federal injunction. *Id.* at 825-26. The district court also denied motions for summary judgment regarding the timeliness of McCarthy Brother's limitation complaint and conducted a bench trial regarding the limitation of liability and the timeliness of Campbell's complaint. *Id.* at 825-826. McCarthy Brothers appealed the district court's dismissal of its action. *Id.* at 826.

On appeal, neither party raised the issue of whether the district court improperly denied Campbell's motion to dissolve the federal injunction. The Seventh Circuit held that the action fell within the *Langnes* single-claimant exception:

> In its order denying the motion, the district court stated that there existed the possibility of additional claims for contribution or indemnity. However, the mere possibility of such claims is not enough to preclude state court adjudication, particularly where the nature of the accident belies the possibility of multiple claims and where no other claims were filed in the district court after it had notified potential claimants to do so pursuant to Fed. R. Civ. P. Supp. R. F(4). Nothing in the record convinces us that additional claims will likely be filed in state court. Further, the claim for damages by Commercial Union against Campbell does not create a multiple claims situation. Only multiple claims against the

7

*shipowner* necessitate federal court adjudication.

*Id.* at 832 (internal citation omitted). But in *In re McCarthy*, there was the benefit of a well-developed factual record; indeed, one in which no other claimants had filed a claim in the district court. By contrast, this action is in its early stages and concerns a claim for wrongful death based on allegations regarding a defective feature of the Vessel. *In re McCarthy* did not appear to involve any similar allegations. Here, there is a reasonable likelihood that Holmes will bring in third parties, such as the manufacturer of the threshold, which could create a multiple-claims situation. Not to mention that neither the three-year maritime nor the two-year personal injury statutes of limitations have expired; therefore, Holmes has ample time to add parties in the state-court action.

This case has factual similarities to those in *Garvey*. In *Garvey*, the claimant's husband drowned due to a collision between his speed boat and a vessel owned by Garvey Marine. *Id.* at 562. Garvey Marine alleged that the speed boat had recently undergone repairs and may have malfunctioned; if that was the case, then the boat's manufacturer, seller, and repairman may have become parties to the action. *Id.* In turn, these parties could have filed indemnification or contribution cross-claims against Garvey Marine. The court held that "potential indemnification claims are neither phantom nor derivative and that therefore a multiple claims potential remains." *Id.* at 565. A similar situation arises here, where, due to the allegations of the defective threshold, other parties

could be joined in Holmes' action in state court.[6] Holmes acknowledges as much in its brief as it states: "Alternatively, even if there is a possibility that third parties might get pled into the state court case[,] is not fatal to Movant's motion." (Pl.'s Br. at 6.)[7]

Holmes is correct that the potential for a multiple-claim situation does not automatically translate into the denial of Holmes' Motion. If Spirit's right to limitation of liability is adequately protected through appropriate stipulations, then Holmes may proceed in state court. *Illinois Marine Towing*, 498 F.3d at 651 (holding that the "single claimant" exception applies to multiple-claims situation when the vessel owner's right to limitation of liability is adequately protected); *see also In re Holly Marine Towing, Inc.*, 270 F.3d 1086, 1090 (7th Cir. 2001) ("[I]f all the claimants stipulate that their claims will not subject [the vessel owner] to liability beyond th[e] amount [of the limitation fund], then [the vessel owner] is fully protected, and even if there are multiple claimants, the suits can continue in state court without endangering any interest that the Act protects.").

Thus, the next question is whether Holmes' proposed stipulation adequately protects Spirit's right to limitation of liability. In *Illinois Marine Towing*, the Seventh

---

[6] There is also the issue of a potential subrogation claim by the United States. Spirit argues that Margie Holmes was a Medicare beneficiary. Therefore, pursuant to 42 U.S.C. §§ 1395y(b)(2)(B)(ii)-(iv), if Spirit is found liable, Medicare could exercise its right to subrogation.

[7] Holmes further argues that Spirit has notice of his theories of liability because Spirit took the deposition of the only independent witness to the event surrounding Margie Holmes' fall. (Holmes' Br. at 5.) Holmes cites portions of the witness's deposition that involve the threshold in the women's bathroom. These excerpts, however, seem to bolster Spirit's argument that it is reasonably possible Holmes will add parties relating to the manufacture, design, *etc.* of the threshold to the state-court action.

Circuit identified requirements for stipulations that other courts held were sufficient to allow an action to proceed in state court:

> (a) file [their] claim[s] in the limitation proceeding;
> (b) where a stipulation for value has been filed in lieu of the transfer of the ship to a trustee, concede the sufficiency in amount of the stipulation;
> (c) consent to waive any claim of *res judicata* relevant to the issue of limited liability based on any judgment obtained in the state court;
> (d) concede petitioner shipowner's right to litigate all issues relating to limitation in the limitation proceeding.

*Illinois Marine Towing*, 498 F.3d at 653. Spirit's argument that (a) has not been satisfied is rejected for the reasons stated above. As regards (c) and (d), Holmes' Stipulation is adequate: (c) was modified to sustain Spirit's objection, and Holmes has added a provision mirroring (d) set out above. As regarding (b), although Holmes has not included in his Stipulation a statement relating to the stipulation of value of the vessel, Holmes has stipulated that he will not, if it is determined that a limitation of liability is appropriate, "seek any amount beyond the value of the limitation fund as determined by the United States District Court for the Northern District of Illinois." (Stipulation 4.) Spirit has not "demonstrated to the [Court] how the failure of [Holmes] to agree to the *amount* of the limitation fund prejudices its Limitation of Liability right. Stipulating that the fund, whatever its amount, is the limit of [Spirit's] liability insulates [Spirit] from overpaying just as would a stipulation to its precise amount." *Norfolk Dredging Co. v. Wiley*, 439 F.3d 205, 210 (4th Cir. 2006) (emphasis in original). Therefore, in this respect, Holmes' Stipulation is adequate.

A central issue, however, is whether Holmes has included provisions sufficient to protect Spirit's rights under the Limitation Act in the event that third-party cross claims

are filed against Spirit in state court. Holmes has modified his initial stipulation to address these concerns by adding paragraph 4, set out above, which stipulates that Holmes will not seek a judgment against Spirit or any other liable parties in excess of the value of the limitation fund. Although there are no prioritizations regarding potential claims of indemnification, attorney's fees and costs, or subrogation that are noted above, Holmes' Stipulation is sufficient as Holmes cannot be expected to prioritize claims when no other claims exist. *See Garvey*, 909 F. Supp. at 567. Here, the procedure followed in *In re Dammers & Vanderheide & Scheepvaart Maats Christina B.V.*, 836 F.2d 750, 754 (2d Cir. 1988), and *Garvey* will allow the Court to heed the aims of 28 U.S.C. § 30511 and the savings-to-suitors clause. *Id.* The Court will stay against entry of judgment and the consequent enforcement of any recovery achieved in any state-court or other proceeding pending the outcome of this limitation proceeding. In the event any other claims are filed, and the Court continues to hold that the limitation of liability is proper, the Court retains jurisdiction over the liability issue and will request Holmes to add a stipulation regarding prioritizations. The Limitation Act's "primary purpose is to protect a shipowner's right to limited liability for marine accidents occurring without its privity or knowledge." *Illinois Marine Towing*, 498 F.3d at 655. That right is preserved here, while at the same time, the purpose of the savings-to-suitors clause is satisfied by enabling Holmes to litigate his claims in the forum of his choice. *Id.*

## CONCLUSION

For the reasons discussed above, Holmes' Motion to Dissolve the Court's Stay Order is granted except that a stay of entry of judgment and consequent enforcement of

any recovery achieved in any state-court proceeding pending the outcome of this limitation proceeding is entered. In addition, the Court orders the parties to present a joint proposed discovery plan on or before June 14, 2011, that will facilitate limited discovery on the dispositive issue of whether Spirit lacked "privity or knowledge" as statutorily required under 46 U.S.C. § 30505.

Date: May 12, 2011

_____
JOHN W. DARRAH
United States District Court Judge